```
          UNITED STATES DISTRICT COURT FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA
                                    :
JAMES EDWARD MCDOWELL,              :
               Petitioner           :     No. 4:CV-10-2187
                                    :
         vs.                        :     (Petition Filed 10/25/10)
                                    :
                                    :     (Judge Muir)
WILLIAM SCISM,                      :
                                    :
               Respondent           :
```

**MEMORANDUM AND ORDER**

January 20, 2011

James Edward McDowell, an inmate presently confined in the Allenwood Low Security Correctional Institution ("LSCI-Allenwood"), White Deer, Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the respondent "has violated Section 3624(c) by precluding [him] from being properly considered for the full 12-month RRC [Residential Re-Entry Center, commonly known as a halfway house] placement because respondent, by following established Federal Bureau of Prisons("BOP") policies, failed to base McDowell's RRC placement on an individualized determination, under a balancing of five (5) statutory factors set forth in 18 U.S.C. § 3621(b), that would ensure that the placement was of "sufficient duration to

provide the greatest likelihood of successful reintegration into the community," as amended by 18 U.S.C. § 3624(c)(6)." (Doc. 3, Memorandum of Law in support of petition, at 2).

Additionally, McDowell claims that "respondent has also violated Section 231 of the Second Chance Act of 2007, codified at 42 U.S.C. § 17541, by willfully failing to implement the Federal Prisoner Reentry Initiative ("FRPI") and by refusing to recommend McDowell for the maximum 12-month RRC placement as an incentive award under the FRPI for his extensive participation in skills development and educational rehabilitative and skills development while incarcerated." Id. He states that "respondent refused to even consider [him] for such an award, in violation of Section 17541." Id. Named as the sole Respondent is LSCI-Allenwood Warden William Scism. For the reasons set forth below, the petition will be granted, in part.

**Background**

On August 2, 2005, McDowell was sentenced to an 87 month term of incarceration for Interstate Transportation of Child Pornography, in violation of 18 U.S.C. § 2252 (A)(1) and (B)(1). (Doc. 8, Ex. 1, Declaration of Case Manager Yvonne

Bennage ("Bennage Decl."), at ¶ 3). McDowell has been incarcerated in LSCI-Allenwood since September 20, 2005. Id. at ¶ 4. He is currently scheduled for release on November 25, 2011, via good time release. Id.

On April 9, 2008, subsequent to McDowell sentencing, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Act increases the possible length of pre-release placement in an RRC from six to twelve months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008). In accordance with the statute, regulations were issued within ninety days of the date of the enactment of the Second Chance Act, to ensure that placement in a community correctional facility by the Bureau of Prisons is conducted in a manner consistent with section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest

3

likelihood of successful reintegration into the community. 18 U.S.C. § 3624(c). Section 3621(b) states as follows:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> > (1) the resources of the facility contemplated;
> >
> > (2) the nature and circumstances of the offense;
> >
> > (3) the history and characteristics of the prisoner;
> >
> > 4) any statement by the court that imposed the sentence-(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and
> >
> > (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) title 28 ...

4

> ... Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

Following the passage of the Second Chance Act, the BOP issued two guidance memoranda dated April 14, 2008 (Doc. 8, Ex. 1, Att. 1 at 8-17) and November 14, 2008, both of which required approval from the Regional Director for RRC placements of longer than six (6) months. Interim regulations passed on October 21, 2008, state that "[i]nmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months." 28 C.F.R. § 570.21(a) (see Doc. 8, Ex. 1, Att. 1 at 71-74, Copy of 10/21/08 Interim Regs.). Moreover "[i]nmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part." 28 C.F.R. § 570.22. The regulations do not include a requirement that the Regional

5

Director approve pre-release RRC placement beyond six-months.

Recommendations for RRC placements ordinarily are reviewed with the inmate and the Unit Team seventeen (17) to nineteen (19) months before the inmate's probable release date. (Doc. 8, Ex. 1, Bennage Decl. at ¶ 5). Referrals are then forwarded to the Community Corrections Manager ("CCM") at least sixty (60) days prior to the maximum recommended range or date. ( Id. at ¶ 6 (citing BOP Program Statement ("P.S.") 7310.04, Community Corrections Center Utilization and Transfer Procedures).

Initially, on March 9, 2010, McDowell's Unit Team was considering a recommendation of 150-180 days RRC placement. (Doc. 8, Ex. 1, Att. 3). However, after reviewing his file more closely, it was decided on April 8, 2010, that McDowell would be recommended for 90-120 days RRC placement. (Id., Reconsideration Review). This recommendation was based on the fact that McDowell has a Public Safety Factor of Sex Offender, he has at least some family ties (a wife), and his Pre-Sentence Investigation Report noted a serious victim impact statement. Id.

6

McDowell's most recent progress report was conducted on December 10, 2010. (Doc. 8, Ex. 1, Att. 4, Progress Report). McDowell's unit team considered the five criteria set forth in Section 3621(b), as well as his need for services, public safety, and the necessity of the Bureau to manage its inmate population. Id. Based upon this review, McDowell's Unit Team re-considered his RRC placement recommendation and recommended 121-150 days RRC placement. Id. This was based on McDowell's statement that he was now estranged from his wife and had no place to reside in the community. Id. The Unit Team also noted his participation in long term counseling. Id. This referral is currently pending approval from the LSCI-Allenwood Warden. (Doc. 8, Ex. 1, Bennage Decl. at ¶ 10).

On October 25, 2010, Petitioner filed the instant action, challenging the Unit Team's recommendation. (Doc. 3, Memorandum of Law in support of petition at 2).

Additionally, McDowell takes issue with the fact that, despite having completed extensive skills development programs, he was not considered for an incentive reward in accordance with 42 U.S.C. § 17541. Id. Section 17541 was created as a part of the Second Chance Act, and by its plain language requires

7

the BOP to "provide incentives for prisoner participation in skills development programs." 42 U.S.C. § 17541(a)(1)(G). One such incentive may, "at the discretion of the [BOP]" include "the maximum allowable period in a community confinement facility." 42 U.S.C. § 17541(a)(2)(A).

On January 3, 2010, respondent filed a response to the petition for writ of habeas corpus, arguing that the petition should be dismissed because Petitioner's claim is premature and because the Petitioner has not alleged a violation of federal law, as is required for habeas relief to be available to the Petitioner. (Doc. 8, response).

**Discussion**

Section 2241 "confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.'" Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir.2001). The federal habeas statute also requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir.2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91, 109

8

S.Ct. 1923, 104 L.Ed.2d 540 (1989)). Section 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," Coady, 251 F.3d at 485. (quoting 28 U.S.C. §§ 2241(a) and (c)(3)). This includes a challenge to the BOP's decision to exclude an inmate from release to an RRC. Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir.2005) (quoting Jimian v. Nash, 245 F.3d 144, 147 (2d Cir.2001)).

## A. RRC Placement

"Article III of the Constitution limits the "judicial Power" of the United States to the adjudication of "Cases" or "Controversies." Pittsburgh Mack Sales & Service, Inc. v. International Union of Operating Engineers, Local Union No. 66, 580 F.3d 185, 190 (3d Cir. 2009)(quoting U.S. Const. art. III, § 2). "Courts enforce the case-or-controversy requirement through several justiciability doctrines that 'cluster about Article III.'" Id. (quoting Allen v. Wright, 468 U.S. 737, 750 (1984)). One of those doctrines is the ripeness doctrine. Id.

"Ripeness prevents courts from 'entangling themselves in abstract disagreements.'" Surrick v. Killion, 449 F.3d 520,

9

527 (3d Cir. 2006)(quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)). "In determining whether a dispute has matured to a point to require judicial adjudication, courts must consider 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'" Wyatt, Virgin Islands, Inc. v. Gov't of the Virgin Islands, 385 F.3d 801, 806 (3d Cir. 2004)(quoting Abbott Labs, supra, 387 U.S. at 149). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. U.S., 523 U.S. 296, 300 (1998)(quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-81 (1985)). "Ripeness is a matter of degree whose threshold is notoriously hard to pinpoint." NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 (3d Cir. 2001).

The respondent contends that Petitioner's claim is premature because the recommended referral is currently pending approval before the LSCI-Allenwood Warden, and because no final decision had been made, the petitioner has not suffered any injury and, accordingly, his claim is not ripe.

The record in this case indicates that neither a final decision nor a final recommendation regarding the amount of time that the petitioner will be placed in a RRC has been made. Although the recommendation has been made for 121-150 days RRC placement, it has also been indicated that a final decision has not yet been made. It may be that the final recommendation or decision will be for placement in a RRC for more or less than the recommended time. However, absent a final determination by the BOP, the Court agrees with the respondent that the petitioner's claim is not ripe. See <u>Toledo v. Scism</u>, 2010 WL 4056025 (M.D. Pa. Oct. 14, 2010)(finding inmate's claim to immediate placement in RRC premature); <u>Griffin v. Holt</u>, 2008 WL 5348138 (M.D. Pa., Dec. 17, 2008)(finding inmate lacked standing to challenge BOP RRC policy). Accordingly, the petition for a writ of habeas corpus challenging the recommended 121-150 day RRC placement will be dismissed as premature.

**B. Incentive Reward**

McDowell alleges that the BOP "refused to even consider [him] for such an award in violation of Section

11

17541." (Doc. 3, Memorandum of Law in support of petition at 2).

This precise issue was addressed by the Honorable Sylvia H. Rambo in the case of Krueger v. Martinez, 665 F.Supp.2d 477 (M.D.Pa.2009), and disposed of in the following manner:

> The court agrees that the language [of] § 17541 vests discretion with the BOP concerning the type of incentives to award. See 42 U.S.C. § 17541(a)(2)(A). However, the language clearly requires the establishment of an incentive program rewarding a prisoner's participation in skills development programs. See id. § 17541(a)(1)(G). Moreover, the fact that Congress specifically suggested one such incentive may be "the maximum allowable period in a community confinement facility" is illustrative of the types of incentives the BOP should consider.
>
> ...
>
> The various responses received by Krueger inconsistently assert that either no incentive program exits, that one does exist and that there is an incentive of a full 12-month placement in an RRC facility, or that Krueger's accomplishments are merely part of the § 3621(b) factors considered for all inmates. Thus, it is unclear whether the BOP has implemented, or is in the process of implementing, an incentive program. Whatever the case may be, it is clear to this court

12

> that Congress intended that the BOP create incentives for a prisoner's participation in skills development program, see 42 U.S.C. § 17541(a)(1)(G), and that one of those incentives may be a 12-month placement in an RRC facility. See id. § 17541(a)(2)(A). Moreover, this consideration of incentives was clearly intended to be separate and distinct from the consideration under 18 U.S.C. § 3624(c) otherwise it would have been superfluous for Congress to have created an entirely distinct statutory framework. Because it is unclear whether the BOP ever separately considered a full RRC placement as an incentive under § 17541(a)(1)(G) for Krueger's skills development and educational achievements, the court will order Respondent to consider Krueger, in good faith, for a full 12-month RRC placement as an incentive under § 17541 separately from its determination under 18 U.S.C. § 3624(c).

Id. at 485-86. In the matter sub judice, review of the BOP's responses to McDowell's requests for administrative relief reveals that the BOP failed to separately consider a full RRC placement as an incentive under § 17541(a)(1)(G). (See Doc. 3 at 20-27). Consequently, the court will order the BOP to consider McDowell, in good faith, for a full 12-month RRC placement separate and apart from the 18 U.S.C. § 3624 determination.

An appropriate Order accompanies this Memorandum Opinion.

                                        s/Malcolm Muir
                                        MUIR
                                        United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES EDWARD MCDOWELL, | : | |
| Petitioner | : | No. 4:CV-10-2187 |
| | : | |
| vs. | : | (Petition Filed 10/25/10) |
| | : | |
| | : | (Judge Muir) |
| WILLIAM SCISM, | : | |
| | : | |
| Respondent | : | |

**ORDER**

January 20, 2011

**F**or the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **GRANTED,** in part.

2. Respondent shall consider forthwith, separately and in good faith, whether petitioner should be awarded a 12-month RRC placement as incentive for his participation in BOP skills development programs in accordance with 42 U.S.C. § 17541(a)(1)(G).

3. Petitioner's challenge to the recommended 121-150 day RRC placement is **DISMISSED WITHOUT PREJUDICE** as premature.

4. The Clerk of Court is directed to **CLOSE** the case.

                                       s/Malcolm Muir
                                       MUIR
                                       United States District Judge